### TELLER v. SANDERS, appellant.

*Verdict — when it will be set aside.*

It is only when the preponderance of the evidence is so clearly against the verdict as to indicate bias, corruption, prejudice or mistake, that a court will set aside such verdict. *Burlew* v. *Hubbell*, 1 N. Y. Sup. 235.

APPEAL from a judgment in favor of plaintiff entered upon the verdict of a jury. The action was brought in Schenectady county by William M. Teller against Jacob G. Sanders, to recover for services in constructing a dam.

*S. W. Jackson*, for appellant.

*E. W Paige*, for respondent.

BOARDMAN, J.

The opinion is devoted to a consideration of the facts. The headnote contains the only point of any importance passed upon.

*Judgment affirmed.*

---

### HILL v. SYRACUSE, BINGHAMTON AND NEW YORK RAILROAD COMPANY, appellant.

*Evidence — of market price.*

A witness testified to the price of wool on a certain day, but said he only derived his information from others who dealt in wool; did not know of or attend a sale of wool that day, and did not name any wool broker with whom he had conversed. *Held* insufficient to establish the price.

APPEAL from a judgment in favor of plaintiff entered upon the report of referee. The action was brought in Chenango county by Silas R. Hill to recover for a breach of contract to transport certain wool.

*Sedgwicks, Kennedy & Tracy*, for appellant.

*L. B. Kern*, for respondent.

MILLER, P. J.

The opinion is devoted to a consideration of the facts. The headnote states fully the only point of any importance therein.

*Judgment reversed and new trial granted.*